This is a suit for the return of triple the overcharges in rent, allegedly collected by defendant above the ceiling fixed by OPA regulations, and for attorney's fees. Our original opinion reversed a judgment of the District Court in plaintiffs' favor. See opinion of this Court rendered June 28, 1948.
Prior to October, 1946, defendant was lessor of an apartment consisting of a kitchen, bedroom, living room and bath at $75 per month. After an OPA ceiling of $45 was put on this apartment, defendant, when the occupying tenant left the city, rented the premises to the three young ladies who are plaintiffs in the case before us. Plaintiffs' contention is that the three of them rented the apartment at a price of $75 per month. Defendant's contention is that she ceased, after October 1, 1946, to rent the apartment as a unit and that she rented the living room to one of the plaintiffs and the bedroom to another — each as a separate sleeping room.
The District Court decided that excessive rentals amounting to $240 had been collected and gave judgment for one and a half times this amount, together with interest and costs.
The evidence is extremely conflicting. The record shows that the defendant, after a $45 ceiling had been placed on the apartment, registered the bedroom and living room as sleeping rooms (with the Shreveport OPA) at a rate of $30 each and her testimony is that the $75 paid by plaintiffs consisted of $30 rental on each of the two sleeping rooms with an additional $15 paid for kitchen privileges at the rate of $5 per person. The plaintiffs testified that they rented the premises as an apartment; that the three of them paid $25 each; that often all three slept in the bedroom and that on occasions, one or the other did use the living room couch, which could be converted into a bed by unfolding and the use of a pad. The defendant — although she registered the living room and bedroom as being rented one room each to two of the plaintiffs — testified that she knew that all three of the plaintiffs were her tenants and that each made use of both rooms and that the plaintiffs took turns in using the less comfortable living room sleeping facilities. *Page 608 
The apartment had but two entrances, both of these through the kitchen and its physical set-up is that of an apartment, and while defendant may have made a strenuous effort to evade the regulations setting a ceiling of $45 on the apartment by registering the two rooms as separate sleeping rooms, the fact remains that she made no physical changes and she in fact rented the premises to the three plaintiffs and accepted the $75 payments, knowing that the three people, each and all used the premises as an apartment unit.
There is evidence in the record that immediately after plaintiffs vacated, defendant rented the premises to a man and wife at a rental of $75 a month. Even granting that it was within the letter of the regulations for her to rent the living room and bedroom as separate rooms to the man and his wife at $30 each with $5 a month charged to each for kitchen privileges, the total allowed would be only $70 and this charging of the $75 rental to two people takes weight from defendant's testimony that she rented the premises as separate sleeping rooms.
Section 91 of the Federal regulations for housing provides: "The maximum rent, and other requirements provided in this regulation shall not be evaded, either directly or indirectly, in connection with the renting or leasing, or the transfer of a lease of housing accommodations by way of absolute or conditional sale, sale with purchase money or any other form of mortgage, or sale with option to purchase, or by modification of the practices relating to the payment or commission of other charges, or by modification of the service furnished with housing accommodations, or by particular agreement, or otherwise."
Granting, for the sake of argument, that defendant told plaintiffs at the time she rented the apartment that she was renting the living room and bedroom separately as sleeping rooms at the rate of $30 per month each and that the remaining $5 was for kitchen privileges at the rate of $5 per month, and, even granting the mutual consent of lessor and lessee, the fact remains that the whole arrangement was obviously an evasion, either directly or indirectly, of the maximum rental ceiling of $45 placed on the apartment by the regional director, and the collection of rentals above the ceiling was in violation of Section 91 above quoted.
After reconsideration, and in the light of Section 91 above quoted, we have concluded that even though defendant made considerable progress toward meeting the letter of the law, there is ample evidence in the record to sustain the finding of the District Court that she in fact rented the premises as an apartment and did collect a rental in excess of the ceiling fixed.
The statute permits recovery by the tenant of an amount to be fixed by the Court, up to three times the excess paid. The District Court gave judgment for one and a half times the overcharge, and denied plaintiffs' claim for the statutory attorney's fees. Plaintiffs have asked that the judgment be amended by increasing this amount to triple the excess paid and for an award of $150 in attorney's fees.
We have concluded to amend the judgment by limiting plaintiffs' recovery to the $240 overpayment and to allow $100 for attorney's fees.
The judgment appealed from is now amended by reducing the award to plaintiffs to $240 and to allow $100 additional to plaintiffs as attorney's fees, and as amended, same is affirmed. Costs of appeal to be paid by plaintiffs, other costs to be paid by defendant.
HARDY, J. dissents, adhering to the conclusions reached on original hearing hereof. *Page 609